IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ALLEN ALPHONZO ADAMS, | : | |
| Petitioner, | : | |
| v. | : | NO. 5:13-cv-225 (MTT) (CHW) |
| Warden BRUCE CHAPMAN, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |

### REPORT AND RECOMMENDATION

Now before the Court is a Motion to Dismiss filed by Respondent, Bruce Chapman. (Doc. 14). In accordance with the analysis below, it is **RECOMMENDED** that Respondent's Motion be **GRANTED**, and that the instant Petition be **DISMISSED**.

### PETITIONER'S GROUNDS FOR RELIEF

Petitioner, a frequent filer in this and other Courts,[1] raised four grounds for relief in his § 2254 petition:

1. that he was "not given a sentencing length for the period of placement on segregation confinement from 2011 until . . ."

2. that correction officials "fail[ed] to place him in the proper facility for [mental health] rehabilitation"

3. that corrections officials failed to "give notice of the use [of an] aggravative penalty before imposing it within the length of sentencing to confinement . . ."

4. that corrections officials "fail[ed] to give[] him medical [care] for" his shoulder, and for other assorted ailments.

(Doc. 1, pp. 5-6)

---

[1] *See* Doc. 5, p. 2, n.1. *See also Adams v. Burnside*, 1:13-cv-008, Doc. 42, p. 4.

1

Subsequent filings (Docs. 6, 7, 9, 12, 16, 17), substantial portions of which are incomprehensible, raised no new grounds.

## ANALYSIS

As indicated in prior orders (Docs. 5, 10, 11), at least two of Petitioner's grounds—grounds two and four—attack Petitioner's conditions of confinement and are therefore improper grounds for habeas corpus relief. *See Gomez v. U.S.*, 899 F.2d 1124, 1126 (11th Cir. 1990) ("The appropriate Eleventh Circuit relief from prison conditions that violate the Eighth Amendment during legal incarceration is to require the discontinuance of any practices, or to require correction of any condition causing cruel and unusual punishment . . . . [R]elief of an Eighth Amendment violation does not include release from confinement."); *see also Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("An inmate convicted and sentenced under state law may seek federal relief under two primary avenues: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983 . . . . These avenues are mutually exclusive"). Accordingly, it is recommended that the Court dismiss Petitioner's grounds two and four.[2]

In grounds one and three, by contrast, Petitioner attacks the "fact or duration of physical imprisonment" in administrative segregation. These grounds, which appear substantially the same,[3] are proper grounds for habeas relief, and they may therefore be considered by the Court. *See Medberry v. Crosby*, 351 F.3d 1049, 1053 (11th Cir. 2003) ("it is proper for a district court to treat a petition for release from administrative segregation as a petition for a writ of habeas

---

[2] Petitioner was mailed a copy of the Court's standard-form § 1983 complaint, and indeed the Court may note that Petitioner has already litigated, and lost, a § 1983 action based upon the facts alleged in ground four of the instant habeas petition. *See Adams v. Burnside*, 1:13-cv-008 (MTT) (CHW).

[3] Although there was some mention, in Petitioner's "Motion for Renew Amended Complaint," (Doc. 12), of a loss of "good time credits," Petitioner provided no factual detail relevant to his own case. *See McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) ("causes of action based on loss of [good time] credits are properly cognizable under habeas").

corpus"). Nevertheless, Respondent contends that Petitioner's grounds one and three are untimely under AEDPA's one-year statute of limitations, and this argument is persuasive. *See* 28 U.S.C. §2244(d) ("A 1-year period of limitation . . . shall run from the latest of . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). Petitioner clearly indicated, in his petition, that his administrative confinement began in "2011, month of March." (Doc. 1, p. 8). Therefore, grounds one and three, which are based on Petitioner's administrative confinement, but which Petitioner failed to raise until he filed the instant habeas application in June 2013, are untimely. Petitioner did not address Respondent's timeliness argument except to suggest, incorrectly, that there is "no . . . Federal . . . Statute [of] limitation period on the run[n]ing of a void sentence[] to[] solitary confinement." (Doc. 16-1, p. 1) (punctuation omitted). Furthermore, upon review of the record, there is no indication that equitable tolling is warranted. *See, e.g., Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002) (noting that equitable tolling is "typically applied sparingly,' and that it is normally appropriate only where a petitioner "untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence"). Accordingly, it is also recommended that Petitioner's grounds one and three be dismissed.

   Finally, and alternatively, Respondent argues that all of Petitioner's grounds for habeas relief should be dismissed for failure to exhaust. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must "fairly presen[t] claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995). Respondent notes that "under Georgia law, issues regarding treatment, discipline or conditions of confinement . . . must be raised in a mandamus action or in

a suit against the agency that is denying" the requested relief. (Doc. 14-1, p. 8). *See also Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) ("prisoners seeking habeas relief . . . are subject to administrative exhaustion requirements"). Petitioner counters that a "claim need not be exhausted if there is an absence of available state corrective process," (Doc. 16-1, p. 3), but there is no indication in the record that Plaintiff made any attempt to bring an action in the state courts, much less to seek an administrative resolution. Accordingly, because Petitioner has failed to demonstrate that he made the requisite effort to exhaust his state remedies, and because there is no indication that state remedies are "unavailable," it is also recommended that Petitioner's habeas application be dismissed for failure to exhaust.

## CONCLUSION

After careful review of the record, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**, and that Petitioner's § 2254 petition be **DISMISSED**. Additionally, Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 3rd day of April, 2014.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge